DANIEL S. PEARSON, Judge.
This is an appeal from an order of the Unemployment Appeals Commission affirming the appeals referee’s decision that James G. Taube was guilty of misconduct as defined in Section 443.036(24), Florida Statutes (1985),[1] and was thus ineligible to receive unemployment compensation upon his discharge from employment.
Among the several stated reasons for discharging Taube, the appeals referee found that only one was supported by the evidence:[2] that Taube, having been supplied an automobile by his employer, used the vehicle for personal reasons without the prior written permission of his department head. This finding is absolutely *761 unassailable and, indeed, Taube readily concedes that he did use the vehicle for personal reasons and was not given written permission to do so by his department head or anyone else. Taube contends, however, that because he had used the vehicle for personal errands for almost five years with the knowledge and acquiescence of the department heads and supervisory personnel, he cannot be found guilty of misconduct under Section 443.036(24) and thus rendered ineligible for unemployment benefits by his employer’s post-hoc opinion that his more extensive use of the vehicle— stopping for three hours on his way home after work — required written permission.
We agree with Taube. His misjudgment concerning whether this specific personal use of the employer’s vehicle would or would not require written permission can hardly be deemed the type of deliberate and intentional disregard of the employer’s standards or interests required to disqualify him from unemployment compensation benefits. Accordingly, the order under review is reversed with directions that Taube’s claim for unemployment compensation be approved.[3]
Reversed.

. Section 443.036(24) reads:
“MISCONDUCT. — ‘Misconduct’ includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
"(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
"(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.”

. Neither here nor in the proceedings before the Commission has the employer challenged the referee’s finding that the other reasons for discharging Taube were unsupported by the evidence. However, in a related proceeding pending in this court, the employer, by cross-appeal of the Monroe County Career Service Council’s *761 decision to reinstate Taube to his job, has challenged the failure of the Council to uphold Taube’s discharge based on these other reasons. Taube v. Florida Keys Aqueduct Authority, 516 So.2d 90 (Fla.App.1987).

. Of course, if Taube’s reinstatement is affirmed in the related case, see supra note 2, and if Taube’s appeal from that part of the order denying him back pay is successful, he would not be entitled to the duplicate benefits of unemployment compensation and back pay.